FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2010 NOV -1 PM 2: 33

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

BELKYS MARQUEZ,

    Plaintiff,

v.

CASE NO. 6:10-cv-1609-ORL-35-DAB

NATIONAL SERVICE BUREAU,

    Defendant.
_____/

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BELKYS MARQUEZ ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONAL SERVICE BUREAU ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

VERIFIED COMPLAINT      1

SCANNED

## PARTIES

5. Plaintiff is a natural person who resides in Kissimmee, Osceola County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Shoreline, Washington.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant is collecting from Plaintiff on a personal debt owed to Magnum Cash Advance in the amount of approximately $500.00.

12. From March 2010 through May 2010, Defendant placed collection calls to Plaintiff sporadically and more than once per day.

13. In June 2010, Defendant began placing collection calls to Plaintiff daily and at least twice per day to Plaintiff's place of employment.

14. On or around June 29, 2010, Defendant informed Plaintiff that it would take the "next step" and "not wait anymore" if Plaintiff did not make a payment.

15. Because of these calls, Plaintiff set up a payment plan of $50.00 per month with Defendant starting in July 2010.

16. In August 2010, Plaintiff's payment was rejected so Defendant again placed several collection calls to Plaintiff at her place of employment.

17. Defendant again threatened "further action" against Plaintiff.

18. Because of these threats by the Defendant, Plaintiff set up arrangements again.

19. On September 21, 2010, Defendant placed collection calls to Plaintiff at her place of employment at 11:21 a.m. and then on her cell phone at 11:21 a.m., 1:01 p.m., 5:11 p.m. and 7:33 p.m. from 206-533-0963.

20. Upon information and belief, Defendant has not taken action against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

c) Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation in connection with the collection of a debt; and

d)      e)  Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against the Plaintiff when it did not intend to do so.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

26. Any other relief that this court deems to be just and proper.

> RESPECTFULLY SUBMITTED,
>
> By: _____
> James Pacitti
> Krohn & Moss, Ltd
> 10474 Santa Monica Blvd., Suite 401
> Los Angeles, CA 90025
> Phone: (323) 988-2400 x230
> Fax:   (866) 802-0021
> jpacitti@consumerlawcenter.com
> Attorney for Plaintiff
> FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BELKYS MARQUEZ, hereby demands trial by jury in this action.